### JAEGER v. GERMAN-AMERICAN INS. CO.

(Supreme Court, Appellate Term. June 26, 1905.)

1. MOTION TO SET ASIDE VERDICT—PREPONDERANCE OF EVIDENCE—CONSIDERATION ON APPEAL.

Where defendant does not move to set aside the verdict, the appellate court need not pass on the question of preponderance of evidence.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1302–1303, 1727.]

2. SAME—EVIDENCE—EXCEPTIONS—REVERSIBLE ERROR.

On the issue as to the value of a piano, evidence that "they told me it [the piano] was worth $400" was cause for reversal.

Appeal from City Court of New York, Special Term.

Action by Charles Jaeger against the German-American Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Duer, Strong & Whitehead, for appellant.

Steuer & Hoffman, for respondent.

PER CURIAM. The verdict was against the weight of evidence. It is difficult to believe that the plaintiff was not guilty of both fraud and false swearing. As, however, the defendant did not move to set aside the verdict, we are not required to pass upon the question of preponderance of evidence. The witness Caroline Jaeger was allowed, over the objection of defendant, to testify, "They told me [referring to the piano] it was worth $400." The exception to the ruling presents reversible error.

The judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event.